**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,<br><br>                    Plaintiff,<br><br>    v.<br><br>XPRESS RECYCLING, INC.,<br><br>                  Defendant. | <br><br><br><br><br>Adv. Proc. No. 21-50236 (KBO) |

**DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND**
**RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO**
**11 U.S.C. §§ 502(d), 547 & 550 AND OBJECTION TO CLAIM NO. 14**

      Defendant, Xpress Recycling, Inc. ("Xpress" or the "Defendant"), through its undersigned counsel, for its Answer to Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 502(d), 547 & 550 And Objection To Claim No. 14 (the "Complaint") filed by George L. Miller, in his capacity as Chapter 7 Trustee of Bayou Steel BD Holdings, L.L.C. ("Plaintiff" or the "Trustee"), in the above-captioned adversary proceeding, states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222) and BD LaPlace, LLC, a Delaware limited liability company (5783).

## THE PARTIES

1. Xpress admits the allegations contained in paragraph 1 of the Complaint.

2. The allegations of paragraph 2 of the Complaint state legal conclusions to which no response is required, except Xpress admits that the Debtors' chapter 11 cases were converted to cases under chapter 7 on February 25, 2020, and the plaintiff was appointed as trustee on the same date.

3. Xpress denies the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. The allegations of paragraph 4 of the Complaint state legal conclusions to which no response is required.

5. The allegations of paragraph 5 of the Complaint state legal conclusions to which no response is required, except that it is admitted that this is a core proceeding.

6. Pursuant to Del. Bankr. L.R. 7008-1, Xpress consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The allegations of paragraph 7 of the Complaint state legal conclusions to which no response is required.

## BASIS FOR RELIEF REQUESTED

8. The allegations of paragraph 8 of the Complaint constitute plaintiff's statement of the nature of the case to which no response is required. To the extent a response is required, Xpress denies that plaintiff is entitled to avoid and recover the challenged transfers and states further that plaintiff's objection to Xpress' proof of claim is improper.

## FACTS

9. Xpress denies the allegations of paragraph 9 of the Complaint, except admits that it received certain payments for goods provided to the Debtors prior to the Petition Date.

10. Xpress denies the allegations of paragraph 10 of the Complaint, except admits that it received two wire transfers from Bayou Steel BD Holdings, L.L.C. within ninety days of the Petition Date in the amounts of $288,034.43 and $57,863.29 on the dates indicated in Exhibit B to the Complaint. By way of further response, Xpress denies that Exhibit B to the Complaint accurately sets forth the details of the transfers.

11. The allegations of paragraph 11 of the Complaint state legal conclusions to which no response is required, except Xpress admits that it provided information to the plaintiff with respect to its potential defenses and that no settlement agreement between the parties was reached. By way of further response, Xpress states that plaintiff's Complaint has failed to account for Xpress' known or reasonably knowable affirmative defenses pursuant to 11 U.S.C. § 547(c) as required by 11 U.S.C. § 547(b).

## FIRST CLAIM FOR RELIEF
(Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12. Xpress incorporates by reference its answers to the allegations contained in paragraphs 1-11 above as if fully set forth herein.

13. Xpress denies the allegations of paragraph 13 of the Complaint, except admits that it received two wire transfers from Bayou Steel BD Holdings, L.L.C. within ninety days of the Petition Date in the total amount of $345.897.72 on the dates indicated in Exhibit B to the Complaint.

14. Xpress lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies them.

15. Xpress admits the allegations of paragraph 15 of the Complaint.

16. Xpress admits the allegations of paragraph 16 of the Complaint.

17. Xpress admits the allegations of paragraph 17 of the Complaint.

18. Xpress lacks knowledge or information sufficient to form a belief as to the trust of the allegations of paragraph 18 of the Complaint and, therefore, denies them except Xpress admits that the Debtors enjoy a rebuttable presumption of solvency pursuant to 11 U.S.C. § 547(f).

19. Xpress lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, denies them.

20. Xpress admits the allegations of paragraph 20 of the Complaint.

21. Xpress denies the allegations of paragraph 21 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property – 11 U.S.C. § 550)**

22. Xpress incorporates by reference its answers to the allegations contained in paragraphs 1-21 above as if fully set forth herein.

23. Xpress denies the allegations of paragraph 23 of the Complaint.

24. Xpress denies the allegations of paragraph 24 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Objection to Claim No. 14 – Disallowance Under 11 U.S.C. § 502(d))**

25. Xpress incorporates by reference its answers to the allegations contained in paragraphs 1-24 above as if fully set forth herein.

26. Xpress admits the allegations of paragraph 26 of the Complaint.

27. Xpress denies the allegations of paragraph 27 of the Complaint.

28. Xpress denies the allegations of paragraph 28 of the Complaint.

## ADDITIONAL DEFENSES

The following additional defenses are raised by Xpress without waiver of any other defenses that may be available to Xpress, and Xpress specifically reserves the right to raise any affirmative or other defenses available to it at any time during the pendency of this adversary proceeding, including any and all defenses which may come to light through discovery or otherwise:

1. The Complaint should be dismissed for failure to state a claim for relief as a result of plaintiff's failure to account for Xpress' defenses under 11 U.CS.C. § 547(c) as required by 11 U.S.C. § 547(b).

2. The challenged transfers are not subject to avoidance and/or recovery to the extent they were made in payment of debts incurred in the ordinary course of business or financial affairs of the debtor that made the transfer and Xpress, and were made in the ordinary course of business or financial affairs of the debtor that made the transfer and Xpress or according to ordinary business terms.

3. The challenged transfers are not subject to avoidance to the extent that, subsequent to the challenged transfers, Xpress gave new value to or for the benefit of the debtor that made the transfer, not secured by an unavoidable security interest, for which the debtor that made the transfer did not make an unavoidable transfer to or for the benefit of Xpress, pursuant to 11 U.S.C. § 547(c)(4).

4. The challenged transfers are not subject to avoidance to the extent that they were intended by the debtor that made the transfer and Xpress to be contemporaneous

exchanges for new value given by Xpress to the debtor that made the transfer and were substantially contemporaneous exchanges.

WHEREFORE, Xpress respectfully requests: (i) judgment in its favor and against the Trustee in all respects; (ii) entry of an order dismissing the Complaint and awarding Xpress its reasonable attorney fees to the extent permitted by law; and (iii) an award of any further relief to Xpress as the Court may deem just or proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donna L. Culver*
Donna L. Culver (No. 2983)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dculver@mnat.com
   *Attorneys for Defendant*
   *Xpress Recycling, Inc.*

April 5, 2021
14641155.1

6